UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11832-RGS

CHARMANE SMITH

v.

SERENGETI

MEMORANDUM AND ORDER

September 26, 2017

STEARNS, D.J.

For the reasons stated below, the court dismisses this action without prejudice for lack of subject matter jurisdiction.

I. BACKGROUND

On September 9, 2017, Charmane Smith filed an "Application for Injunction" against Serengeti, a retailer. According to the filing, Ms. Smith resides in Tennessee and Serengeti is located in Massachusetts.

Ms. Smith represents that in June and July 2017, Serengeti mishandled an order that she placed for a dress. She claims that as a result of Serengeti's errors, she was overcharged for her original purchase, was wrongfully charged for a second dress, and incurred $140.00 in insufficient funds fees from her bank. She asks for a refund of $108.88 for her purchases, reimbursement for the $140.00 in insufficient funds fees, a

$100.00 gift card, postage to return the dresses, and reimbursement of all court costs and litigation expenses.

Ms. Smith does not specify her cause of action or identify the basis of the court's jurisdiction. She did not pay the filing fee. Per her request, the Clerk has sent her an Application to Proceed in District Court without Prepayment of Fees and Costs.

## II. DISCUSSION

"Federal courts, as courts of limited jurisdiction, may not presume the existence of subject matter jurisdiction, but rather, must appraise their own authority to hear and determine particular cases." *Calderon-Serra v. Wilmington Trust Co.*, 715, F.3d 14, 17 (1st Cir. 2013) (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 712 (1st Cir. 1998)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Upon review of the Ms. Smith's application for an injunction, which the court will treat as a complaint, the court concludes that it does not have subject matter jurisdiction over this case. Federal district courts may exercise jurisdiction over civil actions arising under federal laws, *see* 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332 ("§ 1332"). "For purposes of diversity, a person is a citizen of

the state in which he is domiciled." *Padilla-Mangual v. Pavia Hosp.*, 516 F.3d 29, 31 (1st Cir. 2008).

Here, the court lacks subject matter jurisdiction over this action. Ms. Smith does not identify, nor can the court discern, a claim arising under federal law. Thus, jurisdiction does not exist under § 1331.

Similarly, § 1332 does not provide a basis for subject matter jurisdiction. While the parties may be of diverse citizenship, the amount in controversy must exceed $75,000 for diversity subject matter jurisdiction to exist. Here, Ms. Smith seeks $348.88 in damages, postage to mail back the dresses, and the costs of this litigation. Her prayer for relief indicates that the amount in controversy is well beneath the $75,000 threshold.

In the absence of subject matter jurisdiction over this case, this court—a *federal* court—must dismiss the action. However, any such dismissal would not prevent Ms. Smith from pursuing her claim in the appropriate *state* court.

## III. CONCLUSION

Accordingly, this action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE